# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2030V

| | |
|---|---|
| JOSE WILSON ROJAS GUZMAN,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: November 29, 2023 |

*Paul Adrian Green*, Law Office of Paul Green, Pasadena, CA, for Petitioner.

*Bridget Corridon*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On October 18, 2021, Jose Wilson Rojas Guzman filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) at 1. Petitioner alleged that he experienced anaphylaxis, rash, autoimmune hepatitis, and/or exacerbation of hepatitis after receipt of a trivalent influenza ("flu") vaccine on October 17, 2018. *Id.* The case was dismissed, however, after it was determined that no injury could be demonstrated, and that the Act's six-month "severity requirement" was unmet. *See* Decision, dated July 17, 2023 (ECF No. 27) (the "Decision"). Judgment has since entered in the matter.

Petitioner has now filed a request for an award of $12,995.00 in attorney's fees and costs. Petitioner's Motion for Attorney Fees and Costs, dated October 30, 2023 (ECF No. 30) (the "Fees Motion"). But Respondent has challenged the Petition's reasonable basis. Respondent's

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. §§ 300aa.

Opposition to Petitioner's Request for Attorneys' Fees and Costs, November 3, 2023 (ECF No. 31) ("Opp.") at 1. For the reasons set forth below, I hereby deny a fees award in this case.

*Background and Parties' Arguments*

As the Decision sets forth, Petitioner (an incarcerated individual) had alleged that a flu vaccine he received in October 2018 resulted in his experiencing a number of injuries, including exacerbation of a preexisting hepatitis infection. But after review of the record, I determined that the evidence preponderated against the claim. Decision at 5. Indeed—I noted that it appeared (a) that Petitioner's initial, post-vaccination medical encounter was based on symptoms that preceded the vaccination, (b) that there was no evidence of anaphylaxis or any other immediate vaccine reaction, and (c) treatment evidence suggested a bacterial infectious etiology for his symptoms. *Id.* at 4–5. It also appeared that any hepatitis C infection was a chronic condition wholly distinguishable from vaccination. *Id.* at 5. And there was no evidence of any contemporaneous treater diagnosis of autoimmune hepatitis in Petitioner's medical records, nor of significant worsening of his existing hepatitis infection. Thus, the Petition was based on Mr. Guzman's personal belief that his vaccine caused these injuries—not evidence.

Perhaps aware of the foregoing, and its bearing on the reasonable basis question, Petitioner's Fees Motion emphasizes the fact that the claim was initiated just prior to the expiration of the Vaccine Act's statute of limitation[3]—meaning counsel was delayed in obtaining a full set of medical records. Fees Motion at 8. Petitioner also noted that he had increased difficulty seeking medical attention for his injury, because of his status as a prisoner plus the intervening Covid-19 Pandemic (although that happened in the early spring of 2020—more than a year and a half after vaccination). *Id*. He also emphasizes his VAERS[4] report in his motion, and included facts about autoimmune hepatitis such as its symptoms plus scientific sources linking it to the flu vaccine. *Id*. at 3–6. He concludes that "there can be no doubt that there was a reasonable basis for the Petition." *Id*. at 11.

Respondent maintains that no fees award is appropriate. He reiterates that (as reflected in the Decision) there is no objective evidence in the record of autoimmune hepatitis, anaphylaxis, or an exacerbation of hepatitis. Opp. at 13. He deems the evidence that Petitioner has put forth—his

---

[3] The Fees Motion does, however, erroneously represent that the Petition was filed before the "one-year anniversary" of vaccination, when in fact it was filed October 18, 2018 – *a day and three years* after vaccination. *See* Opp. at 12. This arguably rendered the claim untimely at outset, although this depends on the precise calculation of the 36-month limitations period. In any event, the case has been resolved against Petitioner on other grounds.

[4] The Vaccine Adverse Event Reporting System ("VAERS") is a national warning system designed to detect safety problems in U.S.-licensed vaccines. *See About VAERS*, VAERS, https://vaers hhs.gov/about html (last visited July 17, 2023). It is managed by both the CDC and the FDA. VAERS monitors and analyzes reports of vaccine related injuries and side effects from both healthcare professionals and individuals. *See generally Carda v. Sec'y of Health & Hum. Servs.*, No. 14-191V, 2017 WL 6887368, at *6 (Fed. Cl. Spec. Mstr. Nov. 16, 2017).

own belief, his observation of the alleged temporal relationship, and the VAERS reports— to be "unsupported speculation" that the vaccine caused his injuries. *Id*. Additionally, Respondent has cited dates in the fee request showing that counsel reviewed medical records in this case *nine months* before filing the petition, giving him ample time to investigate the factual basis of the claim. *Id*. at 16.

On November 13, 2023, Petitioner filed a reply in further support of his fees request, emphasizing again the lower standard for establishing reasonable basis. Petitioner's Reply (ECF No. 42) ("Reply") at 4. He argues that the medical records, combined with his VAERS report, were enough to satisfy the requirement that Petitioner provide "some evidence of a reasonable expectation of establishing causation." *Id*., citing *Bekiaris v. Sec'y of Health & Hum. Servs.*, 140 Fed. Cl. 108, 114 (2018). He did not respond to Respondent's arguments regarding his claims about the procedural timing of the case, however.

**Analysis**

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that in the Vaccine Program, attorney's fees and costs may be awarded even for unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs in the majority of cases.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or Court of Federal Claims may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis (the second component of this test)[5] is a prerequisite to a fees award for unsuccessful cases—although establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379

---

[5] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (*quoting Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

(Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("*Cottingham I*"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Wirtshafter,* 155 Fed. Cl. at 671. Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II"), aff'd without op.*, *slip op.* 22-1737 (Fed. Cir. Nov. 14, 2023). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which may have existed when a claim was initiated can later cease to exist, as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

Here, it is evident from the totality of medical record evidence filed in the case that the claim lacked reasonable basis. As my Decision demonstrates, the medical records established no cognizable vaccine injury of any kind, nor any contemporaneous treater views or diagnoses that would support the claim. And counsel's argument that he lacked the time to review the records has been deemed irrelevant to the question of whether a scintilla of objective proof in support of a claim exists. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (2017). In fact, the billing records offered in this case actually reveal the contrary: counsel had several months to review medical evidence before its filing, belying the assertion that he rushed to file the matter in

advance of a looming limitations cut-off. The claim's obvious evidentiary deficiencies should have been apparent from the outset. Vaccine Act claims cannot be based solely on proof of vaccination plus the fact that "comparable" theories have succeeded, along with a petitioner's personal view that the claim is meritorious. 42 U.S.C.A. § 300aa-13.

## Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs even to an unsuccessful litigant as long as the litigant establishes the Petition was brought in good faith and there was a reasonable basis for the claim for which the Petition was brought. Section 15(e)(1). But Petitioner has failed to provide evidence establishing there was a reasonable basis for filing his claim. **Petitioner's motion for attorney's fees and costs is therefore <u>DENIED</u>.**

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.